Robert W. MONTEZ, Plaintiff—Appellant,

v.

Michael J. ASTRUE, Defendant—Appellee.

No. 07–16720.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2009.

Filed March 20, 2009.

---

** The Honorable Donald E. Walter, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: D.W. NELSON, W. FLETCHER and TALLMAN, Circuit Judges.

## MEMORANDUM *

Robert Montez appeals the district court's judgment affirming the Commissioner of Social Security's final decision to deny his application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act.[1] Because the parties are familiar with the facts and procedural history of this case, we will discuss them only as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The Social Security regulations provide a five-step inquiry to determine whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step five, the Administrative Law Judge ("ALJ") determined that, while Montez could not perform his past relevant work, he had the residual functional capacity ("RFC") to perform other jobs existing in significant numbers in the national economy. Montez challenges the ALJ's (1) discussion of opinion testimony, (2) finding that Montez was not fully credible, and (3) reliance on the Medical–Vocational Guidelines (the "grids") in lieu of vocational expert testimony.

Dee–Dee Samet, Esquire, Tucson, AZ, for Plaintiff–Appellant.

Gerald S. Frank, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, Sarah Lynn Ryan, Esquire, Assistant Regional Counsel, Social Security Administration

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We grant Appellant's motions for permission to file a late letter pursuant to Federal Rule of Appellate Procedure 28(j) and permission to file a letter exceeding the word limitation. The Clerk shall file Appellant's late letter in excess of 350 words, which states supplemental authority.

[1] First, Montez argues that the ALJ improperly disregarded a treating physician's opinion. Both the credibility and the weight of medical testimony is determined by the ALJ. *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir.1989). "We afford greater weight to a treating physician's opinion because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual.'" *Id.* at 751 (quoting *Sprague v. Bowen,* 812 F.2d 1226, 1230 (9th Cir.1987)). "To reject the uncontroverted opinion of a claimant's physician, the ALJ must present clear and convincing reasons for doing so." *Magallanes,* 881 F.2d at 751. Here, the ALJ discussed Dr. Nestor's opinion and, while he did not assign a specific weight to the opinion, he commented that it placed no restrictions on Montez's ability to perform a full range of sedentary work. An additional letter sent by Dr. Nestor, and potentially received by the ALJ before he made his decision, is not inconsistent with the ALJ's ruling. We find that the ALJ did not err because he did not actually reject Dr. Nestor's opinion.

Second, Montez argues that the ALJ did not properly assess his subjective complaints. The correct analysis is a two-pronged inquiry, first determining "whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035–36 (9th Cir.2007) (quoting *Bunnell v. Sullivan,* 947 F.2d 341, 344 (9th Cir.1991) (en banc)). "Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter,* 504 F.3d at 1036 (quoting *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir.1996)). Under *Bunnell,* it is

error if the adjudicator "discredit[s] the claimant's allegations of the severity of pain solely on the ground that the allegations are unsupported by objective medical evidence." 947 F.2d at 343 (citing *Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986)).

[2] Here, the ALJ used objective evidence in the record as one factor in his credibility determination. He also relied on the factors set forth in Social Security Ruling 88–13 and *Smolen,* 80 F.3d at 1284. These factors include, *inter alia,* the claimant's reputation for lying, inadequate explanations for not seeking medical attention, daily activities, physicians' observations, and other aggravating factors. *Smolen,* 80 F.3d at 1284. The ALJ took all of the above into consideration, showing he did not base his credibility determination entirely on the objective record. We hold that substantial evidence supported his ruling and find no error in his analysis.

[3] Finally, Montez contends that the ALJ erred by applying the grids instead of hearing testimony by a vocational expert. "[I]f a claimant suffers only from exertional limitations, e.g., strength limitations, the ALJ at step five may apply the ... [grids] to match the claimant with appropriate work." *Id.* (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(b)). These grids are applicable to strength factors only and are inapplicable if additional non-exertional impairments exist. *Reddick v. Chater,* 157 F.3d 715, 729 (9th Cir.1998). Because Montez has failed to show any recognizable non-exertional impairments under the Social Security Regulations, the ALJ's use of the grids was proper. *See Hoopai v. Astrue,* 499 F.3d 1071, 1076 (9th Cir.2007).

AFFIRMED.